**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

_____

SOLOMON RADNER INDIVIDUALLY AND ON } 
BEHALF OF  A CLASS OF SIMILARLY SITUATED } Case No. 17-cv-12704-TGB-SDD
PERSONS }
{ }
     Plaintiff, }
  v. }
{ }
IAS WARRANTY, INC., }
{ }
     DEFENDANT. }
_____}

The Law Office of Keith Altman
Keith Altman (P81702)
18755 Alhambra Avenue
Lathrup Village, MI 48076
(516) 456-5885
kaltman@lawampmmt.com

*Counsel for Plaintiff and the Proposed Class*

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF,**
**INJUNCTIVE RELIEF AND DAMAGES**

COMES NOW Plaintiff, by and through their attorney, KEITH ALTMAN of The Law Office of

Keith Altman, and complain and allege on personal knowledge as to Plaintiff's own acts and on

information and belief as to all other allegations against IAS WARRANTY, INC. ("IAS") as

follows:

## INTRODUCTION

1. This consumer class action arises from the deceptive methods, solicitations, advertisements, representations, contracts, and agreements contrived by IAS, whereby IAS engaged consumers, Plaintiff and Class herein, to purchase and participate in IAS' R.O.A.D. INTIRE comprehensive tire and wheel repair and replacement program where despite representations that the program would pay fair market value for repairs, IAS only paid substantially less.

2. Plaintiff and the Class state that due to IAS' widespread and intentionally deceptive methods, solicitations, advertisements, representations, contracts, and agreements, Plaintiff and the Class were wrongfully and unfairly induced into purchasing R.O.A.D. INTIRE tire and wheel repair and replacement plans maintained by IAS.

3. Plaintiff and the Class state that they justifiably and reasonably relied on the deceptive and fraudulent representations and misrepresentations of IAS in their form adhesion contract.

4. Accordingly, Plaintiff and the Class has been extensively damaged, as stated in this Complaint.

## DESCRIPTION OF THE PLAINTIFF CLASS

5. This class action is brought by Plaintiff Solomon Radner, individually and on behalf of a Class of similarly situated individuals who are citizens of Michigan and since 2013, contracted for the R.O.A.D. INTIRE program, a comprehensive tire and wheel repair and replacement guarantee through IAS.  As part of the program, participants are reimbursed for covered road hazard losses an amount equal to the fair market value of the repair.

6. A further subclass of individuals, including Solomon Radner, are those who had a claim under the R.O.A.D. INTIRE program and were paid less than the fair market value for repairs.

7. Individuals who through its R.O.A.D INTIRE program for reimbursement, IAS deprived individuals of services or proper reimbursement, or will deprive individuals of services or proper reimbursement, through one or more of the following methods:

   a. Advertised or represented promises in the R.O.A.D. INTIRE program, including, but not limited to, full reimbursement of the fair market value of the tire and wheel repair or replacement, with no intent to reimburse based on the fair market value; and

   b. Made false or misleading representations of facts or statements of fact material to the R.O.A.D. INTIRE contract, including, but not limited to, the promises to reimburse the fair market value of any tire or wheel repair or replacement, such that the customer reasonably believed the represented services to be other than it actually is; and

   c. Failed to disclose or concealed its practice of reimbursing customers for less than the agreed upon fair market value of tire and wheel repair and replacement; and

   d. Reimbursed customers based on a value less than on the agreed upon fair market value, with no recourse to challenge the value of the reimbursement.

**PARTIES**

8. Plaintiff SOLOMON RADNER purchased IAS' R.O.A.D. INTIRE program from Suburban Chrysler Dodge Jeep Ram of Troy located in Troy Michigan on November 19,

2013.  See the contract materials attached as Exhibit "A".  Plaintiff resides in the city of Oak Park, Oakland County, Michigan.

9.  IAS Warranty, Inc. ("IAS") is a Texas Corporation with its principle place of business in Texas.  IAS is authorized to conduct business in Michigan and may be served by its registered agent, CSC-Lawyers Incorporating Service at 601 Abbott Road, East Lansing, Michigan, 48823.

10. IAS is registered to do business throughout the United States, including in Michigan, where Plaintiff and the Class have resided and were contracted.

11. IAS is authorized to do business in Michigan and derives substantial income from doing business in this state.

12. Upon information and belief, IAS did sell, advertise, contract, and administer R.O.A.D. INTIRE tire and wheel repair and replacement coverage contracts in the State of Michigan.

13. This court has personal jurisdiction over the IAS named herein because said IAS has sufficient minimum contacts with the forum state upon which to predicate personal jurisdiction.

14. At all times herein mentioned, IAS advertised, promoted, supplied, and sold to dealerships for resale to consumers and the general public, a certain tire and wheel repair and replacement coverage, R.O.A.D. INTIRE.

**JURISDICTION AND VENUE**

15. At all times relevant to this action, IAS was engaged in substantial business activities in Michigan, including, but not limited to, advertising, selling contracting, and administering R.O.A.D. INTIRE tire and wheel repair and replacement coverage contracts.

16. At all times relevant to this action, IAS engaged, either directly or indirectly, in the business of marketing, promoting, distributing, and selling R.O.A.D. INTIRE coverage within Michigan with a reasonable expectation that the coverage would be used and relied upon in this state, and thus regularly solicited or transacted business in this state.

17. Plaintiff and all members of the Class are residents of the state of Michigan and the amount in controversy is less than $5,000,000 exclusive of costs and attorney's fees.

18. Venue is proper in this Court because Plaintiff is a resident of this judicial circuit and a substantial part of the events and omissions giving rise to the claims alleged occurred herein.

## FACTUAL ALLEGATIONS

19. On November 19, 2013, Plaintiff Solomon Radner purchased a 2011 Lincoln MKZ ("the Radner vehicle") from Suburban Chrysler Dodge Ram Jeep Ram of Troy.

20. At the time he purchased that vehicle, Radner was offered and accepted an IAS' R.O.A.D. INTIRE comprehensive tire and wheel repair and replacement coverage plan.

21. IAS, an automotive financial services firm, has business ventures which include the sale and administration of R.O.A.D. INITRE, a comprehensive tire and wheel replacement program in the State of Michigan.

22. Plaintiff Solomon Radner's purchase of IAS' R.O.A.D. INTIRE plan was through Suburban Chrysler Dodge Ram Jeep Ram of Troy, who was acting as an agent of IAS.

23. The cost of the R.O.A.D. INTIRE COVERAGE was $695.

24. On or about September 20, 2014, Solomon Radner was driving the Radner vehicle when he struck and hit a pothole, causing damage to his wheel and tire.

25. Under IAS' R.O.A.D. INTIRE service agreement, IAS promises to pay the purchaser "for the fair market value COSTS to repair or replace the original tires and wheels equipment" of the contracted for vehicle "that fail due to contact with a ROAD HAZARD with equipment of like kind and quality."

26. Under IAS' R.O.A.D. INTIRE service agreement, potholes are deemed to be "ROAD HAZARDS."

27. On September 22, 2014, Radner called IAS and informed them of the damage and that he was making a claim under the service contract.  IAS was unaware that his care came with chrome wheels and wanted verification form the vehicle build sheet available from the dealer.

28. On September 22, 2014, Radner contacted the dealer who forwarded the information to IAS and informed Radner that he should be all set with coverage.

29. On September 23, 2014 Radner called IAS and was issued an authorization number MHR36924907600.

30. On September 24, 2014 IAS informed Radner via a phone call that IAS defines "fair market value" as wholesale cost plus up to 20% for mounting and balancing.

31. On October 15, 2014, Discount Tire replaced Mr. Radner's damaged tire, charging the fair market value of $450.50.

32. Pursuant to his IAS' R.O.A.D. INTIRE service agreement, Radner submitted a claim to IAS for reimbursement for the fair market value of his wheel on October 15, 2014.

33. After Radner filed his claim in 2014, IAS, in breach of its contract and in a deceptive and unfair manner, calculated Radner's at $360.40, rather than its fair market value of $450.50.

34. The value calculate by Defendant is substantially less than the fair market value.

35. On October 21, 2014, IAS mailed Mr. Radner a check for $360.40, an amount they claimed to be a "full and final payment of the above referenced tire claim."

36. IAS calculated the reimbursement in a manner that was inconsistent with the manner a reasonable consumer would believe the reimbursement to be calculated and inconsistent with the deceptive terms of the contract.

37. As a result of the IAS' deceptive and unfair practices regarding reimbursement of claims, Mr. Radner was not reimbursed for the agreed upon and contracted for fair market value of his tire and wheel repair and replacement.

38. Radner's dealings with IAS and its agent in connection with the purchase of R.O.A.D. INTIRE coverage, filing of a claim through IAS' R.O.A.D. INTIRE program, and receipt of reimbursement through IAS' R.O.A.D. INTIRE program is typical of other customers of IAS.

39. Radner and all other members of the Class overpaid for IAS' R.O.A.D. INTIRE plan because it did not provide the benefits promised because IAS only reimburses substantially less than the fair market value, despite IAS representing that the plan reimburses fair market value.

## CLASS ACTION ALLEGATIONS

40. This action is properly brought as a class action pursuant to M.C.L. § 455.911. This action is brought by the named Plaintiff on behalf of all individuals who have been taken advantage of by IAS' deceptive practices through their R.O.A.D. INTIRE program, specifically, individuals who:

    a.   Applied for and purchased coverage through IAS' R.O.A.D. INTIRE program; and

b. This coverage was purchased and relied upon based on promises and representations made by IAS; and

c. Have had determinations and claims for reimbursement issued by IAS through the R.O.A.D. INTIRE program which do not reflect the full value of services paid and contracted for;

d. Individuals who through its R.O.A.D INTIRE program for reimbursement, IAS deprived individuals of services or proper reimbursement, or will deprive individuals of services or proper reimbursement, through one or more of the following methods:

    i. Advertised or represented promises in the R.O.A.D. INTIRE program, including, but not limited to, full reimbursement of the fair market value of the tire and wheel repair or replacement, with no intent to reimburse based on the fair market value; and/or

    ii. Made false or misleading representations of facts or statements of fact material to the R.O.A.D. INTIRE contract, including, but not limited to, the promises to reimburse the fair market value of any tire or wheel repair or replacement, such that the customer reasonably believed the represented services to be other than it actually is; and/or

    iii. Failed to disclose or concealed its practice of reimbursing customers for less than the agreed upon fair market value of tire and wheel repair and replacement; and/or

iv. Reimbursed customers a substantially lower amount than on the agreed upon fair market value, with no recourse to challenge the value of the reimbursement.

41. This Class is estimated to be hundreds if not thousands of individuals and is therefore so numerous that joinder of all members is impracticable.

42. The number of people who have suffered at the hands of IAS is sufficiently numerous to make class action status the most practical method for Plaintiff and the Class to challenge the policies, procedures and practices of IAS.

43. There are questions of law or fact common to the members of the Class such that common questions predominate over questions affecting only individual members. Individual questions do no predominate over common questions because (a) each member of the Class was provided with the same or a substantially similar adhesion contract concerning the nature of the replacement; (b) each member of the Class who made a claim was paid the substantially less than the fair market value; and (c) each member of the Class purchased an agreement from IAS which was less valuable than the purchase price because IAS knew and did not disclose that it would not provide fair market value for covered repairs.

44. Furthermore, to assess each individual claim only the amount fair market value of the repair and the amount of each reimbursement need be considered. Furthermore, the amount overpaid for the policies because they did not provide the promoted benefit can also be computed using the amount paid for the policy and as the only necessary data. Thus, computation of damages for the class can be readily conducted.

45. The two central questions of law common to all Class members are (1) whether IAS' practice of calculating reimbursement substantially less than the fair market value of the

wheel or tire repair or replacement, is a breach of contract, and (2) whether IAS' actions are unfair, unconscionable, and deceptive methods as defined by the Michigan Consumer Protection Act.

46. The questions of fact common to the Class, without limitation, include (1) the representations and promises made by IAS in advertisement and solicitation of the R.O.A.D. INTIRE program, (2) how IAS determines and processes the value of a R.O.A.D. INTIRE reimbursement, and (3) what would the price of the contract be if the coverage provided was limited to something less than the fair market value?

47. The claims of the Class Representative, including the violations of law and resulting harms alleged, are typical of the claims, violations of law, and resulting harms suffered by all Class members.

48. The Class Representative will fairly and adequately assert and protect the interests of the Class. Plaintiff's and Class' counsel know of no conflicts of interest between the Class Representative and absent Class members with respect to the matters at issue in this litigation; the Class Representative will vigorously prosecute the suit on behalf of the Class; and the Class Representative are represented by experienced counsel.  Plaintiff and the Class are represented by attorneys with substantial experience and expertise in complex and class action litigation involving issues of products liability and violations of consumer protection statutes.  Plaintiff's and the Class' attorneys have identified and investigated the claims in this action and have committed sufficient resources to represent the Class.

49. The maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

50. The prosecution of separate actions by individual members of the Class could result in inconsistent or varying adjudications with respect to individual members of the Class.

51. IAS has acted or failed to act on grounds generally applicable to all Class members.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Declaratory Relief Under 28 U.S.C. § 2201)

52. Plaintiff and the Class adopts by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

53. All purchases of IAS R.O.A.D. INTIRE contracts constitute an offer by IAS to enter into a sales contract.

54. By purchasing access to the R.O.A.D. INTIRE, a purchaser accepts IAS' offer.

55. Plaintiff and the class tendered payment to IAS for the R.O.A.D.INTIRE contracts.  These payments constitute consideration.

56. Accordingly, all transactions that are the subject of this Complaint are possessed of the three elements of a contract, i.e., offer, acceptance, and consideration.

57. The contracts call for IAS to reimburse Plaintiffs and the Class the fair market value of tires purchased based upon claims under the R.O.A.D.INTIRE program.  IAS does not reimburse the fair market value of tires but instead creates its own definition of fair market value which provides for a lower rate of reimbursement.

58. An actual and justiciable controversy exists between Plaintiffs and the Class and IAS concerning the meaning of fair market value and whether IAS' definition complies with the commonly accepted meaning of fair market value.

59. This claim for declaratory judgment is brought pursuant to 28 U.S.C. § 2201 *et seq.*, seeking a determination by the Court that: (a) this action may proceed and be maintained as a class action; (b) the definition of fair market value propounded by IAS is different that the commonly used definition of fair market value; (c) that IAS' definition of fair market value reimburses Plaintiff and the Class less than what Plaintiff and the Class would be otherwise entitled to under the contract; (d) an award of reasonable attorneys' fees and costs of suit to Plaintiff and the Class is appropriate; and (e) such other and further relief as is necessary and just may be appropriate as well.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

60. Plaintiff and the Class adopt by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

61. The previously referenced R.O.A.D. INTIRE are contracts which have been entered into between the Plaintiff and the Class and IAS.

62. Pursuant to the R.O.A.D. INTIRE contracts and agreements between the Plaintiff and the Class and IAS, IAS was to provide Plaintiff and the Class with comprehensive tire and wheel repair and replacement protection.

63. IAS was further obligated pursuant to the R.O.A.D. INTIRE contract to reimburse Plaintiff and the Class for tire and wheel repair and replacement costs based upon the fair market value of the tire and wheel.

64. In exchange for these duties and obligations, IAS received payment for the purchase price of the R.O.A.D. INTIRE program from Plaintiff and the Class.

65. The Plaintiff and the Class have performed all of the conditions required of them under the contract.

66. IAS breached the contract with the Plaintiff and the Class by adopting a practice where it would pay the consumer substantially less than the fair market value that IAS was obligated to pay under the contract.

67. As a result of IAS' breaches of the contract, Plaintiff and the Class members are entitled to compensatory damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (Violation of the Michigan Consumer Protection Act under Michigan Compiled Laws § 445.901, et seq.)

68. Plaintiff and the Class adopt by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

69. IAS has, through its conduct described in this Complaint, violated the Michigan Consumer Protection Act, M.C.L. § 445.901, *et seq.*, as unfair, unconscionable or deceptive methods, acts or practices in the conduct or trade or commerce are unlawful. *See* M.C.L. § 445.903.

70. Plaintiff and the Class are considered "Persons" as that term is defined within M.C.L. § 445.902(d).

71. IAS is a "Person" as that term is defined within M.C.L. § 445.902(d).

72. IAS is engaged in "Trade or commerce" as that term is defined within M.C.L. § 445.902(g).

73. The agreements between Plaintiff and the Class on one hand and IAS on the other constitute trade or commerce as the term is defined within M.C.L. § 445.902(g).

74. The acts, omissions, solicitations, representations, transactions, agreements and contracts at issue herein constitute "Unfair, unconscionable, or deceptive methods, acts, or practices in conduct of trade or commerce" as that term is defined within M.C.L.A § 445.903.

75. Among other things, IAS has engaged in unfair, unconscionable, and deceptive acts or practices in violation of M.C.L.A § 445.903(1)(c),(e), (n), (r), (s), and (cc) when it:

    a. Advertised or represented promises in the R.O.A.D. INTIRE program, including, but not limited to, full reimbursement of the fair market value of the tire and wheel repair or replacement, with no intent to reimburse based on the fair market value; and

    b. Made false or misleading representations of facts or statements of fact material to the R.O.A.D. INTIRE contract, including, but not limited to, the promises to reimburse the fair market value of any tire or wheel repair or replacement, such that the customer reasonably believed the represented services to be other than it actually is; and

    c. Failed to disclose or concealed its practice of reimbursing customers for less than the agreed upon fair market value of tire and wheel repair and replacement.

    d. Reimbursed customers substantially less than the agreed upon fair market value, with no recourse to challenge the value of the reimbursement.

76. IAS' conduct described herein repeatedly occurred in IAS' trade or business and as such IAS deceived a substantial portion of the consuming public.

77. The facts concealed or not disclosed by IAS are material facts in that Plaintiff and the Class and any reasonable consumer would have considered those facts important in deciding whether to purchase the R.O.A.D. INTIRE comprehensive tire and wheel repair and

replacement plan. Had Plaintiff and the Class known that IAS routinely reimbursed customers substantially less than the fair market value, they would not have purchased the R.O.A.D. INTIRE plan from IAS at the price paid.

78. IAS intended that Plaintiff and the Class would rely on the deception by purchasing participation in the R.O.A.D. INTIRE program, unaware of the undisclosed material facts. This conduct constitutes consumer fraud within the meaning of the various consumer protection statutes.

79. IAS' unlawful conduct is continuing, with no indication that IAS will cease.

80. As a direct and proximate result of the deceptive, misleading, unfair and unconscionable practices of IAS set forth above, Plaintiff and the Class are entitled to actual damages, compensatory damages, penalties, attorney's fees and costs as set forth under the Michigan Consumer Protection Act and Michigan law.

81. IAS' deceptive, misleading, unfair and unconscionable practices set forth above were done willfully, wantonly and maliciously entitling Plaintiff and the Class to an award of punitive damages.

## PRAYER

82. **WHEREFORE**, Plaintiff prays for judgment against the IAS, as follows, as appropriate to each cause of action alleged and as appropriate to the particular standing of Plaintiff and Class of similarly situation individuals:

    a. An order certifying this action and as a class;

    b. An order declaring that IAS' practice of improperly reimbursing individuals through the ROAD INTIRE program violates Plaintiff and the Class' rights under MCL 455.903;

c. An order declaring that IAS' definition of fair market value is inconsistent with the commonly used definition of fair market value and reimburses the class less than which they would be otherwise entitled.

d. An order awarding compensatory damages in a currently unknown amount;

e. An order awarding economic damages to Plaintiff and all Class members in the amount equal to the agreed upon fair market value of services contracted for,

f. An order permanently enjoining IAS from continued violations;

g. All costs of this action including reasonable attorney's fees; and

h. Any additional relief that this Court deems equitable under  the circumstances.

## DEMAND FOR JURY TRIAL

83. Plaintiff and the Class hereby demand jury trial on all claims so triable in this action.

Dated:  October 3, 2017                           Respectfully Submitted,

                                                  The Law Office of Keith Altman


                                                  /s/ Keith Altman
                                                  Keith Altman (P81702)
                                                  The Law Office of Keith Altman
                                                  18755 Alhambra Avenue
                                                  Lathrup Village, MI 48076
                                                  (516)456-5885
                                                  kaltman@lawampmmt.com

                                                  Attorneys for Plaintiff and the Class

First Amended Class Action Complaint, Radner v. IAS                                16

**SIGNATURE AND VERIFICATION OF COMPLAINT BY PLAINTIFF**

Pursuant to MCL 600.6431 (1), Plaintiff hereby signs and verifies this first amended complaint before an officer authorized to administer oaths:

Signed: _____

Solomon Radner (Plaintiff)

**CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC**

STATE OF MICHIGAN       )
                        )
COUNTY OF Oakland       )

The foregoing instrument was acknowledged before me on this 3rd day of October , 2017 .

Kathryn Tountas , Notary Public
     Oakland     County, Michigan.
Acting in   Oakland     County, Michigan.

KATHRYN TOUNTAS
Notary Public - State of Michigan
County of Oakland
My Commission Expires Nov 5, 2022
Acting in the County of Oakland

First Amended Class Action Complaint, Radner v. IAS