UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOLOMON RADNER,

                Plaintiff,

v.

IAS WARRANTY, INC.,

                Defendant.

Case No. 17-12704
Hon. Terrence G. Berg

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT (Dkt. 7) AND DIRECTING PLAINTIFF EITHER TO WITHDRAW AS CLASS REPRESENTATIVE OR OBTAIN NEW COUNSEL WITHIN 21 DAYS**

### I.   Introduction

Attorney Solomon Radner (Plaintiff) brings this putative consumer class action against Defendant, IAS Warranty, Inc. ("IAS"), alleging that IAS operated a "widespread and intentionally deceptive" campaign whereby Plaintiff and the Class were wrongfully and unfairly induced into purchasing IAS service plans for tire/wheel and repair and replacement. *See* Class Action Complaint, Dkt. 1-2, Pg. ID 18. Plaintiff seeks to serve as representative of the class.

Defendant now moves to dismiss, and in that motion Defendant raises the ground that the class allegations "must be dismissed or stricken because [Solomon] Radner and Keith Altman, the attorney

1

who signed the complaint, practice as attorneys together in one, and perhaps two, law firms." *See* Motion to Dismiss First Amended Complaint, Dkt 7, Pg. ID 194; *see also* Supp. Brief, Dkt. 20. This is a key threshold question. Before considering the merits of the allegations, or the possible grounds for class certification, the Court must address whether Attorney Solomon Radner may properly serve as the named Plaintiff and class representative in this lawsuit while he is involved in law practices with Attorney Keith Altman, who is Mr. Radner's named counsel in this same case.

The Court attempted to answer this question by issuing a Show Cause Order (Dkt. 16) with questions to Messrs. Radner and Altman, but their answers further clouded the issue. Based on their answers and information available publicly, the Court finds that there are multiple legal-business relationships between named-plaintiff Mr. Radner and named-counsel Mr. Altman. These relationships raise the appearance of a conflict of interest as to whether Mr. Radner may independently, fairly and adequately represent the interests of the class plaintiffs while at the same time being involved in law practice associations with Mr. Altman, who is lead counsel.

To address this conflict, the Court will order Plaintiff to elect between either continuing as class representative in this case with

different lead counsel, or to substitute another party as class representative while retaining Mr. Altman as lead counsel, within 21 days. If no suitable alternative class representative, or if no new counsel is found for Plaintiff Radner within 21 days, the Court will dismiss the complaint without prejudice. In the meantime, Defendant's Motion to Dismiss will be denied as moot; it may be re-filed if Plaintiff cures the deficiencies noted in this Order.

## II. Background

On November 19, 2013, Solomon Radner purchased a Lincoln MKZ from a car dealership in Troy, Michigan. *See* First Amended Complaint, Dkt. 5, Pg. ID 175. At the same time, Mr. Radner purchased a "Tire & Wheel Road Hazard Service Contract" from IAS that purported to reimburse him in the event of damage to his tires or wheels. *See* Motion to Dismiss First Amended Complaint, Dkt. 7-2, Pg. ID 226. On September 20, 2014, Mr. Radner struck a pothole, causing damage to one wheel and tire. *See* First Amended Complaint, Dkt. 5, Pg. ID 175. Mr. Radner then had his wheel and tire replaced at a "Discount Tire" retail store for $450.50. *Id*. at Pg. ID 176. IAS then reimbursed Mr. Radner an amount it apparently calculated as "fair market value" for the new tire, a total of $360.40. *Id*.

Mr. Radner alleges that the amount he was reimbursed is "substantially less than the fair market value," and argues that IAS'

reimbursement formula is necessarily certain to undercompensate holders of this service contract who attempt to replace their damaged wheels or tires. *Id*. at Pg. ID 176–77.

In their Motion to Dismiss First Amended Complaint, IAS raised several issues, but most notably they stated that the class allegations "must be dismissed or stricken because [Solomon] Radner and Keith Altman, the attorney who signed the complaint, practice as attorneys together in one, and perhaps two, law firms." *See* Motion to Dismiss First Amended Complaint, Dkt 7, Pg. ID 194; *also* Supp. Brief, Dkt. 20.

A cursory examination of publicly available records concerning the affiliations of Plaintiff/Attorney Radner and Attorney Altman yielded confusing and inconsistent information as to the nature of the business relationship between them.

First, Mr. Altman's profile on the court's Case Management/Electronic Case Filing system (CM/ECF) system lists him this way:

> Keith L. Altman
> Excolo Law Firm PLLC
> 26700 Lahser Road
> Suite 401
> Southfield, MI 48033
> 516-456-5885
> Fax: 951-303-1222
> Email: kaltman@lawampmmt.com

4

But Mr. Altman signed the First Amended Complaint and all other filings in this matter this way:

> The Law Office of Keith Altman
> Keith Altman (P81702)
> 18755 Alhambra Avenue
> Lathrup Village, MI 48076
> (516) 456-5885
> kaltman@lawampmmt.com

A google.com search for "The Law Office of Keith Altman" returned an office address for Mr. Altman in Temecula, California. A visit to the website for that office listed "kaltman@lawampmmt.com" as the contact email—the same as provided by Mr. Altman to this court—but no other contact information.

Searches on the State Bar of Michigan's website for "Law Office of Keith Altman" and "Law Firm of Keith Altman" yielded zero results.

Searches for "18755 Alhambra Avenue, Lathrup Village, MI 48076" identified this address as a residential dwelling. However, the website www.avvo.com—an online directory of lawyers—showed that Mr. Altman had a profile listing his business address as "26700 Lahser Rd Ste. 401, Southfield, MI, 48033-2618." This is the same address as the one listed for Excolo Law Firm.

5

The website for Excolo Law Firm (www.excololaw.com) lists only two people in the "Attorney Profiles" section: Solomon Radner and Keith Altman. Both profiles are titled as "Attorney/Lead Counsel."

A google search for "Solomon Radner" yields Excolo Law as the second result. The first result is a profile of Mr. Radner found on www.1800lawfirm.com, the website of "1-800-LAW-FIRM," a "national network of experienced bar-certified attorneys." *See* https://www.1800lawfirm.com/ (last visited Sept. 7, 2018). In the section of this website titled "Our Team," there are four people listed as attorneys: Ari Kresch (CEO, Attorney, Founder), Keith Altman (Attorney), Solomon Radner (Attorney), and Marshall Disner (Attorney). *See* https://www.1800lawfirm.com/about-us/our-team/ (last visited Sept. 7, 2018).

Excolo Law Firm and 1-800-LAW-FIRM overlap in several ways. From the publicly available records, it is clear that Mr. Radner and Mr. Altman are both associated with these two firms,[1] and that the firms share the same street address. Both firms list the 26700 Lahser Road address as their location: Excolo Law Firm in Suite 401, and 1-800-LAW-FIRM presumably next door, in Suite 400. In another perplexing intersection between the Excolo Law Firm and 1-

---

[1] While the entity 1-800-LAW-FIRM describes itself as a "national network of experienced bar-certified attorneys" its name suggests that it is, indeed, a law firm.

800-LAW-FIRM, both Messrs. Radner and Altman list another attorney, Ari Kresch, as either a member, associate, or of counsel of Excolo Law Firm and as the sole member of 1-800-LAW-FIRM. Yet, for whatever reason, Mr. Kresch is not listed on the Excolo website as a member of that firm.

Suffice to say, the publicly available information shows that Messrs. Radner and Altman practice together in at least two law firms. It could not be determined whether "The Law Office of Keith Altman" is a separate legal entity from Excolo Law Firm or 1-800-LAW-FIRM.

In order to address the issue of a possible conflict of interest between Mr. Radner and Mr. Altman in their roles as law partners and class representative/lead counsel, on August 21, 2018, the Court issued an Order to Show Cause ordering both Mr. Radner and Mr. Altman to file separate sworn affidavits answering several questions from the Court to clarify their relationship and whether Mr. Radner can properly serve as class representative. *See* Order to Show Cause, Dkt. 16. They showed cause by filing affidavits in response to the Court's Order on August 28, 2018. *See* Dkts. 17 and 18.

The Court asked Messrs. Radner and Altman to answer five questions, separately, each in a sworn affidavit. The first question was:

7

1. Are you a member of the Excolo Law Firm, located at 26700 Lahser Rd., in Southfield, Michigan, 48033? List any other members or associates of this law firm.

To this question, Mr. Altman stated that he is "Of Counsel" to this firm, where Mr. Radner replied that he is a member of the firm. *See* Dkt. 17, Pg. ID 344; Dkt. 18, Pg. ID 350. Both listed Ari Kresch, Mindy Herman, Daniel Weininger, Rebeca Martinez Sicari, and Martin Radner as "associates," "of-counsels," or "members." Mr. Radner stated that Ari Kresch is his partner in this firm.

The second question posed was:

2. Are you a member of "1-800-LAW-FIRM," a "national network of experienced bar-certified attorneys" also located at 26700 Lahser Rd., Southfield, Michigan, 48033. List any other members or associates of this law firm. *See* https://www.1800lawfirm.com/ (last visited Aug. 20, 2018).

To this question, both Mr. Radner and Mr. Altman provided the same verbatim answer:

> Affiant's Answer: I am not a member of 1 800 Law Firm PLLC, but I am of-counsel to that entity. This PLLC is a single member PLLC, with that single member being Ari Kresch. Further, so the court is fully advised, Excolo Law Firm PLCC has an assumed name of "1 800 Law Firm Civil Rights Division PLLC" which is a separate entity from 1 800 Law Firm PLLC."

*See* Dkt. 17, Pg. ID 344; Dkt. 18, Pg. ID 350.

The third question was:

8

> 3. List the location or locations of the physical offices for "The Law Office of Keith Altman."

In response, Messrs. Radner and Altman both stated: "30474 Fox Club Drive, Farmington Hills, MI 48331." *See* Dkt. 17, Pg. ID 344; Dkt. 18, Pg. ID 351.

The fourth question was:

> 4. Explain how Mr. Altman's representation of Mr. Radner will be conducted so as to protect the interests of Mr. Radner as a class representative independently and separately from any interests Mr. Radner has as a result of his association with Mr. Altman in a law firm.

To this question, Mr. Altman answered by providing a summary of his qualifications and competency to represent a class in this kind of action, but he did not address how he would protect the interests of the class itself against his and the proposed class representative's separate interests in favor of their law firm. *See* Dkt. 17, Pg. ID 345–46. Mr. Radner replied much more succinctly, but mostly to say that he does not practice in class action litigation very often, and that he will not be doing any legal work on this case. *See* Dkt. 18, Pg. ID 351.

The fifth and final question was:

> 5. Explain how Mr. Radner can fairly and adequately represent the interests of the class of plaintiffs and not be influenced in any way by his association with Mr. Altman in a law firm.

9

Mr. Radner responded to this question by informing the court that he had discussed the case with several other attorneys before Mr. Altman agreed to take the case to court. *See* Dkt. 18, Pg. ID 351. Mr. Radner then restates his position that he is uniquely-situated such that "the facts of any random individual case may not support liability as strongly as the facts in my case." *Id.* He also says that "it seems unfair to bar the 40,000 potential plaintiffs from recovery due to this one issue." *Id.* The issue, however, is how to best ensure those putative 40,000 plaintiffs are represented fairly and adequately by both their counsel and their class representative.

For his part, Mr. Altman responded at length to question five, restating allegations from the First Amended Complaint and stating that Mr. Radner's interests are aligned with the class because both benefit from protection of their rights. *See* Dkt. 17, Pg. ID 346–47. Mr. Altman further says, "The true question is whether I will influence Mr. Radner in a manner that favors him and me to the detriment of the class[,]" and "None of the activities to date or the expected activities have shown that Mr. Radner will not represent the class in a fair and adequate way." *See* Dkt. 17, Pg. ID 347.

But the issue of divided loyalty in a case such as this one arises most pointedly not in the beginning stages, but at the end. The clearest test of such potentially divided loyalty is when the class is presented a settlement offer which provides class members with a

10

suboptimal recovery while providing to the lawyer representing them a potential windfall. If the class representative personally stands to benefit—directly or indirectly—from that lawyer's windfall, he or she may be less inclined to demand a higher offer, even though that would be in the best interests of the class—or may simply not be able to separate his or her law-firm-related interests from the interests of the class of plaintiffs when they diverge.

Mr. Altman goes on to note "inherent checks and balances" in the class action process, including this Court's determinations regarding liability and damages. *See* Dkt. 17, Pg. ID 348. Those issues cannot be addressed without the Court first address this preliminary issue of an apparent conflict of interest.

### III. Analysis

The Sixth Circuit has made it clear that a class counsel is prohibited from serving as class representative. *See Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir. 1976). This prohibition is in place to address the "inherent conflict of interest" that arises when a person attempts to represent a class as both plaintiff and counsel, as such an attempt necessarily presents that person with a divided loyalty. *Id.* Because in most class actions the amount awarded in fees to the class action attorneys often dwarfs the amount any individual plaintiff recovers, the financial interests of class members and their

11

attorneys are not aligned well enough to ensure that the representative will fairly and adequately protect the interests of the class. *See Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 94 (7th Cir. 1977) ("Because the financial recovery for reasonable attorney's fees would dwarf the individual's recovery as a member of the class herein, the financial interests of the named plaintiffs and of the class are not coextensive."); *see also* Fed. R. Civ. P. 23(a)(4).

The rule observed in *Turoff* is not limited to the very narrow situation where the class representative is also acting as counsel in the litigation itself. The Seventh Circuit expanded the *Turoff* doctrine, saying "esoteric internal protections preventing an attorney from sharing in fees awarded to his law firm do not dissipate the public's perception that plaintiff would in fact receive benefit from fees awarded to his law firm." *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 95 (7th Cir. 1977) (internal quotation marks omitted). The *Susman* case dealt with a class representative who was the brother of the class counsel. In finding this relationship presented questions of a divided loyalty, the Seventh Circuit quoted the district judge, saying, "[e]ven though plaintiff does not expect to share in any attorney's fees recovered in this cause, there exists the possibility that one so situated will become more interested in maximizing the 'return' to his counsel than in aggressively presenting the proposed class' action." *Susman*, 561 F.2d at 95.

12

The Third Circuit goes even further, concluding that "vindication of the Code of Professional Responsibility requires the following rule: no member of the bar either maintaining an employment relationship, including a partnership or professional corporation, or sharing office or suite space with an attorney class representative during the preparation or pendency of a Rule 23(b)(3) class action may serve as counsel to the class if the action might result in the creation of a fund from which an attorneys' fee award would be appropriate." *Kramer v. Sci. Control Corp.*, 534 F.2d 1085, 1093 (3d Cir. 1976).

Here, the Court sought information from Mr. Radner and Mr. Altman to clarify their business relationship in order "to properly evaluate the merits of Defendant's motion to dismiss and avoid any conflict of interest from clouding the propriety of these proceedings." *See* Order to Show Cause, Dkt. 16.

The Court in Question 1 therefore posed the question to Messrs. Radner and Altman, "Are you a member of the Excolo Law Firm, located at 26700 Lahser Rd., in Southfield, Michigan, 48033? List any other members or associates of this law firm." To this question, Mr. Radner noted that he is a partner in that firm and then provided a list of "associates, including of-counsels." Dkt. 18 Pg. ID 350. Mr. Altman informed that he is "Of Counsel" to this law firm, and

13

he too listed "other members, associates, and of counsels" of that firm. Dkt. 17, Pg. ID 344.

Yet in response to Question 2—worded identically to Question 1—while each affiant acknowledged being "of-counsel" to "1-800-LAW-FIRM," they provided no additional information in response to the portion of the question asking them to list "any other members or associates of this law firm." *See* Affidavit of Keith Altman, Dkt. 17, Pg. ID 344; *see also* Affidavit of Solomon M. Radner, Dkt. 18, Pg. ID 350. The incomplete nature of this answer makes it more difficult for the Court to assess the relationship between the Excolo Law Firm and "1-800-LAW-FIRM." Messrs. Radner and Altman provided information concerning other attorneys associated with the Excolo Law Firm, but not with "1-800-LAW-FIRM." Moreover, their answers to this question introduced a new complicating factor: that the Excolo Law Firm is also operating under the "assumed name" of "1 800 Law Firm Civil Rights Division PLLC." For Excolo to operate under such a name certainly suggests that the Excolo Law Firm is acting as some sort of subsidiary business or "division" of 1-800-LAW-FIRM, especially considering the overlapping attorneys that appear to be working at both firms.

As to Question 3, seeking to know the address for the Law Offices of Keith Altman, without explanation Messrs. Radner and Altman provided an address different from the one Mr. Altman has been

attaching to his signature affixed to the pleadings in this case. A google search of this address again yielded what appears to be a residential dwelling, and no publicly-available records indicate that this address is the business location of a law firm called "The Law Office of Keith Altman."[2]

Both responses to Questions 4 and 5, which asked how the attorneys could assure the Court there would be no conflict, their answers belied a misapprehension of the Court's primary concern. The Court does not question whether Mr. Altman is qualified to be lead counsel for a class action lawsuit, or whether Mr. Radner is planning on doing legal work on the case (although, as class representative, he would be prohibited from doing so). Nor is this question concerned with the merits of this litigation or the fact that a putative class of aggrieved persons deserves its day in court. The question is whether there is an appearance of a conflict of interest when the class representative has multiple legal business relationships with class counsel. The Court sought to know whether and how Messrs. Radner and Altman could reduce or eliminate the possibility that Mr. Radner might be more interested in maximizing the

---

[2] The Court is not suggesting that an attorney may not conduct a law practice from his or her home office. However, in light of the several confusing factors surrounding the interrelationships of Mr. Radner, Mr. Altman, Excolo Law Firm, 1-800-LAW-FIRM, 1-800-LAW-FIRM Civil Rights Division, and The Law Office of Keith Altman, the provision of a second residential address with no additional explanation adds little clarity to the situation.

return to his counsel and their law firms rather than in aggressively representing the proposed class' best interest.

Unfortunately neither affidavit provides the Court adequate assurance that Mr. Radner's interests and those of his counsel Mr. Altman—whether he is working under the Excolo Law Firm, 1-800-LAW-FIRM, or The Law Offices of Keith Altman—are not in potential conflict.[3] Nor does the Court find any explanation for how any financial recovery or award would be handled between the class representative and the class counsel such that the possible conflict of interest is addressed.

Given their interlocking associations, Attorney Solomon Radner may not serve as the class representative while Attorney Keith Altman is class counsel. As Plaintiff has not alleged the existence of any other class member who may be able to step readily into the role of class representative, the Court will allow Plaintiff twenty-one (21) days to either identify a new class representative or a new class counsel. At the end of the twenty-one day period, if no individual has been identified as class representative or class counsel, the Court will dismiss this complaint without prejudice, and Plaintiff may refile the complaint at some point in the future either with a different counsel or a different class representative. The Court will not allow any discovery at this time. If this case proceeds, Plaintiff

---

[3] *See, generally*, Supp. Brief, Dkt. 20.

may pursue discovery at the appropriate time. The motion to dismiss (Dkt. 7) will be denied as moot; it may be re-filed if Plaintiff cures the deficiencies noted in this Order.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss First Amended Complaint (Dkt. 7) is hereby **DENIED** as moot. Plaintiff Solomon Radner is hereby **DIRECTED** either to **WITHDRAW** as class representative (and substitute a new party as class representative who has no relationship to Attorney Altman), **OR** to **OBTAIN** new counsel within 21 days of the date of this Order.

**SO ORDERED.**

| | |
|---|---|
| Dated: September 12, 2018 | s/Terrence G. Berg<br>TERRENCE G. BERG<br>UNITED STATES DISTRICT JUDGE |

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on September 12, 2018.

s/A. Chubb<br>Case Manager