UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SOLOMON RADNER**, <br><br> Plaintiff, <br><br> vs. <br><br> **IAS WARRANTY, INC.**, <br><br> Defendant. | 2:17-CV-12704-TGB <br><br><br> **ORDER DISMISSING CASE WITH PREJUDICE** |

On July 18, 2017, Attorney Solomon Radner (Plaintiff) brought this putative consumer class action against Defendant, IAS Warranty, Inc. ("IAS") in the State of Michigan Oakland County Circuit Court, seeking various forms of relief. *See* Class Action Complaint, ECF No. 1-2, Pg. ID 18. Plaintiff filed the class action complaint On August 18, 2017, this complaint was removed to this Court.

On September 12, 2018, the Court found that there existed "multiple legal-business relationships between named plaintiff Attorney Radner and his named-counsel, Attorney Keith L. Altman," and that "[t]hese relationships raise the appearance of a conflict of interest as to whether Mr. Radner may independently, fairly and adequately represent the interests of the class plaintiffs while at the same time being involved in law practice associations with Mr. Altman, who is lead counsel." ECF

No. 21, PageID.369. This Court ordered Plaintiff to "either identify a new class representative or a new class counsel" within 21 days. ECF No. 21, PageID.383. The court further said that, "[a]t the end of the twenty-one day period, if no individual has been identified as class representative or class counsel, the Court will dismiss this complaint without prejudice, and Plaintiff may refile the complaint at some point in the future either with a different counsel or a different class representative." ECF No. 21, PageID.383.

On September 26, 2018, Plaintiff filed a "Stipulation Regarding Leave to File a Second Amended Complaint," indicating that Plaintiff instead planned to retain his current counsel and pursue the lawsuit as an individual plaintiff rather than as a class representative. *See* ECF No. 23, PageID.399; *and* ECF No. 22 (stricken). This pleading was then stricken, because it was entered incorrectly on the docket, in violation of the Local Rules of the Eastern District of Michigan. *See* Sept. 26, 2018 Text-Only Order; ECF No. 23, PageID.399. Plaintiff did not re-file that pleading, and did not file any other documents or pleadings.

On April 4, 2019, this Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute. ECF No. 23. In response, and pursuant to a stipulation with opposing counsel, Plaintiff filed a Second Amended Complaint on April 5, 2019. ECF No. 26. Defendant moved for an extension of time to file their responsive pleading, citing ongoing potential settlement discussions with Plaintiff.

ECF No. 47. Per the motion, Plaintiff did not oppose the extension, and the motion was granted by the Court. May 1, 2019 Text-Only Order.

On May 3, 2019, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 28. The motion seeks to dismiss "all counts of Plaintiff Solomon Radner's second amended complaint with prejudice[.]" ECF No. 28, PageID.422. To date, Plaintiff has not filed any responsive pleading to this motion, and the time to do so has now run. *See* Local Rule 7.1(e)(1)(B). By failing to raise any arguments in opposition of Defendant's motion to dismiss, Plaintiff waives those arguments, and the court has discretion to deem the motion unopposed. *See Hanson v. Deutsche Bank Nat'l Tr. Co.*, No. 12-12975, 2012 WL 13013622, at *1 (E.D. Mich. Sept. 11, 2012) (citing *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.")).

Because this motion is unopposed, and given that the Court has already resorted once to ordering Plaintiff to show cause why the case should not be dismissed for failure to prosecute, the Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's Second Amended

Complaint, and **DISMISSES** this case with prejudice.

DATED this 29th day of May, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge